**BIBIYAN LAW GROUP, P.C.**
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorney for Plaintiffs, DARRIN CORNWELL, FELIX RENDON, and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DARRIN CORNWELL, an individual, FELIX RENDON, an individual, and on behalf of all others similarly situated,

Plaintiffs,

v.

DFA DAIRY BRANDS FLUID, LLC, a Delaware limited liability company, DBA ALTA DENA CERTIFIED DAIRY; and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: 2:26-cv-02393-CAS-ASx

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;
2. FAILURE TO PAY MINIMUM WAGES;
3. FAILURE TO PROVIDE MEAL PERIODS;
4. FAILURE TO PROVIDE REST PERIODS;
5. WAITING TIME PENALTIES;
6. WAGE STATEMENT VIOLATIONS;
7. FAILURE TO TIMELY PAY WAGES;
8. FAILURE TO INDEMNIFY;
9. VIOLATION OF LABOR CODE § 227.3; and
10. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Plaintiffs DARRIN CORNWELL and FELIX RENDON, on behalf of Plaintiffs and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against DFA DAIRY BRANDS FLUID, LLC DBA ALTA DENA CERTIFIED DAIRY, and any of its respective subsidiaries or affiliated companies within the State of California ("DFA"); collectively, with DOES 1 through 10, as further defined below, "Defendants"), on behalf of Plaintiffs and all other current and former non-exempt employees in California employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A. Plaintiffs

2. Plaintiff DARRIN CORNWELL is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, stashing products from production with a stand-up lift. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff DARRIN CORNWELL worked for Defendants from approximately November of 1994 to the present.

3. Plaintiff FELIX RENDON is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, stashing products from production with a stand-up lift. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff FELIX RENDON worked for Defendants from approximately July of 1994 to the present.

### B. Defendants

4. Plaintiffs are informed and believe and based thereon allege that DFA is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of

the laws of the State of Delaware and doing business in the County of Los Angeles, State of California. At all relevant times herein, DFA employed Plaintiffs and similarly situated employees within the State of California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe and based thereon allege that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

6. Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include DFA, and any of their parent, subsidiary, or affiliated companies within the State of California, and DOES 1 through 10 identified herein.

## JOINT LIABILITY ALLEGATIONS

7. Plaintiffs are informed and believe and based thereon allege that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9. As a result of the aforementioned facts, Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, are joint employers.

## JURISDICTION

10. This action was originally filed in the Superior Court of the State of California, County of Los Angeles. DFA removed the action to this Court by filing a Notice of Removal on or about March 6, 2026.

11. Plaintiffs file this First Amended Class Action Complaint following removal and without conceding that removal was proper, that this Court has subject matter jurisdiction, or that DFA has satisfied its burden to establish federal jurisdiction. Plaintiffs expressly reserve all rights to challenge removal, jurisdiction, and venue to the extent permitted by law.

12. DFA's Notice of Removal asserts that this Court has jurisdiction under 28 U.S.C. section 1332 and/or the Class Action Fairness Act, 28 U.S.C. section 1332(d). Plaintiffs do not, by filing this First Amended Class Action Complaint, admit or concede the factual or legal sufficiency of DFA's asserted jurisdictional basis.

13. Venue is presently before this Court as a result of DFA's removal of this action. Plaintiffs do not waive, and expressly reserve, any arguments concerning the propriety of removal, jurisdiction, or venue.

## FACTUAL BACKGROUND

14. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive at least minimum, regular, overtime, and double times wages and that they were not receiving minimum, regular, overtime, and double time wages for all work that was required to be performed.

15. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws.

16. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week.

17. On information and belief, Defendants did not accurately or appropriately compensate Plaintiffs and Class Members for the hours worked by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiffs and Class Members to clock out for rest periods. By way of example, Plaintiffs and, upon information and belief, Class Members were required to clock out for each break they took. In addition, Defendants failed to include all forms of remuneration, including shift differentials and other forms of renumeration into the regular rate of pay during pay periods where overtime was worked, all to the detriment of Plaintiffs and Class Members.

18. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period.

19. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

20. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.

21. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

22. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

23. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to furnish Plaintiffs and Class Members with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section

226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

24. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive their wages in a timely fashion. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

25. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to be reimbursed for necessary expenses incurred in the discharge of their duties. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Plaintiffs and Class Members, or some of them, for the costs incurred in purchasing personal protection equipment necessary to perform work duties.

26. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive all unused vested vacation time at their final rate of pay. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and Class Members with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

27. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to paid sick leave at their regular rate of pay. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and Class Members with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

28. Plaintiffs, on their own behalf and on behalf of Class Members, bring this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

227.3, 245, *et seq.*, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failing to pay vested vacation time and/or sick time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

29. Plaintiffs, on their own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seek (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiffs and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's Complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

31. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23(c)(4) and 23(c)(5) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

32. This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23 because the litigation raises common issues of law and fact and the proposed Class is sufficiently numerous and easily ascertainable.

### A. Numerosity

33. Fed. R. Civ. P. § 23(a)(1). The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiffs are informed and believe that there are over seventy-

five (75) Class Members employed by Defendants within the State of California.

34. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. <u>Commonality</u>**

35. Fed. R. Civ. P. § 23(a)(2) and (b)(3). There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to pay Class Members in a timely fashion as required under Labor

Code section 204?

K. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L. Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

M. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N. Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O. Are Class Members entitled to costs and attorneys' fees?

P. Are Class Members entitled to interest?

**C. <u>Typicality</u>**

36. Fed. R. Civ. P. § 23(a)(3). The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiffs and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

37. Fed. R. Civ. P. § 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiffs is competent and experienced in litigating wage and hour class actions.

**E. <u>Superiority of Class Action</u>**

38. Fed. R. Civ. P. § 23(b)(3). A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been

damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

39. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

40. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

41. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

42. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

43. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

44. Four (4) years prior to the filing of the Complaint in this action through the present, Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants requirement that Plaintiffs and Class Members clock out for rest periods. In addition, Defendants failed to include all forms of remuneration into the regular

rate of pay during pay periods where overtime was worked, all to the detriment of Plaintiffs and Class Members.

45. Accordingly, by requiring Plaintiffs and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

46. As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum Wages – Against All Defendants)**

47. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

48. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

49. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

50. For four (4) years prior to the filing of the Complaint in this action through the present, Defendants required Plaintiffs and Class Members to clock out for rest periods. In addition, Defendants failed to include all forms of remuneration into the regular rate of pay during pay periods where overtime was worked, all to the detriment of Plaintiffs and Class Members. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

51. Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

///

**THIRD CAUSE OF ACTION**

**(Failure to Provide Meal Periods – Against All Defendants)**

52. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

54. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

55. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56. For four (4) years prior to the filing of the Complaint in this action through the present, Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

57. By their failure to provide Plaintiffs and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

58. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

59. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

60. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

62. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

63. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

regular rate of compensation for each work day that the rest period is not provided.

64. For four (4) years prior to the filing of the Complaint in this action through the present, Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

65. By their failure, at times, to authorize and permit Plaintiffs and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

66. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

67. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

68. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

69. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

70. Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

71. Plaintiffs are informed and believe, and based thereon allege, that in the three (3) years before the filing of the Complaint in this action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

72. Plaintiffs are informed and believe Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

73. Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

74. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

75. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

76. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

77. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

78. Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

79. Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

80. Defendants’ failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

81. As a result of Defendants’ unlawful conduct, Plaintiffs and Class Members have suffered injury. The absence of accurate information on Class Members’ wage statements at times has delayed timely challenge to Defendants’ unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about

wages and amounts deducted from wages to state and federal governmental agencies, among other things.

82. Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

83. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

84. Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

85. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

86. Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

87. Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

88. Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year before the filing of the Complaint in this action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiffs and Class Members in accordance with Labor Code section 204.

89. Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

90. Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

**(Violation of Labor Code § 2802 – Against All Defendants)**

91. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

92. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

93. Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

94. For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: purchasing personal protection equipment necessary to perform work duties.

95. During that time period, Plaintiffs are informed and believe, and based thereon allege

that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiffs and Class Members for those losses and/or expenditures.

96. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

97. Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants)

98. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

99. According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

100. Plaintiffs are informed and believe, and based thereon allege that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiffs' employment contracts with Defendants included paid vacations.

101. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

102. As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiffs and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiffs and Class Members to all vested and unused vacation pay at their

final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiffs and Class Members, on the one hand, and Defendants, on the other hand.

103. As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiffs and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

**TENTH CAUSE OF ACTION**

**(Unfair Competition – Against All Defendants)**

104. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

105. Plaintiffs are informed and believe and based thereon allege that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Plaintiffs are further informed and believe and based thereon allege that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

106. As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class Members have suffered injury in fact and lost money or property.

107. Moreover, as a result of Defendants' unfair competition, as alleged herein, the public has suffered injury. Defendants' Labor Code violations provide them with an unfair competitive advantage against other California employers. Pursuant to Business and Professions Code sections 17203 and 17204, Plaintiffs seek public injunctive relief for the benefit of the general public that prohibits Defendants from further violating the Labor Code and requiring the establishment of

appropriate and effective means to prevent further violations. This relief benefits Plaintiffs only incidentally and as a member of the general public. The primary purpose and effect of this prohibition is to prohibit unlawful acts that threaten future injury to the general public by means of Defendants' unlawful competition with other California employers. (*McGill v. CitiBank, N.A.* (2017) 2 Cal.5th 945, 954; *accord* at 957.)

108. As a distinct ground, Plaintiffs seek under Labor Code section 17203 restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which Plaintiffs and Class Members had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiffs and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

109. Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

110. Plaintiffs demand a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiffs pray for judgment against Defendants as follows:

A. An order certifying this case as a Class Action;

B. An Order appointing Plaintiffs as Class Representatives and appointing Plaintiffs' counsel as Class counsel;

C. Damages for all wages earned and owed, including minimum and overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1, 1194, 1197 and 1199 and 227.3;

D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G. Waiting time penalties under Labor Code sections 203 and 558.1;

H. Penalties to timely pay wages under Labor Code section 210;

I. Damages under Labor Code sections 2802 and 558.1;

J. Preliminary and permanent public injunctions under Labor Code section 17200, *et seq*. imposed for the benefit of the public prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, thus permitting proper competition by other California employers;

K. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L. Prejudgment and post-judgment interest at the maximum rate allowed by law;

M. For attorneys' fees in prosecuting this action;

N. For costs of suit incurred herein; and

O. For such other and further relief as the Court deems just and proper.

Dated: July, 1, 2026

BIBIYAN LAW GROUP, P.C.

BY: */s/ Sarah H. Cohen*

Sarah H. Cohen

Attorney for Plaintiffs DARRIN CORNWELL and FELIX RENDON and on behalf of all others similarly situated